Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 3681 | DATE | July 14, 2010 |
| CASE TITLE | Robert Taylor (R-51280) vs. Hardy, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* [11] is granted. The Court assesses an initial partial filing fee of $5.63. The Court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, summons shall not issue. The amended complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit a second amended complaint. The Clerk is directed to send Plaintiff a copy of the amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Robert Taylor, a prisoner at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed without prejudice because it contained misjoined claims and Defendants. Plaintiff has submitted a motion to proceed *in forma pauperis* and an amended complaint.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.63. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint.

Plaintiff alleges that the Defendants are retaliating against him by impeding his right to exhaust his administrative remedies, *i.e.*, not processing his grievances. Plaintiff also alleges that he was forced to stay in segregation past his release date and that the conditions in segregation constituted cruel and unusual punishment. Next, Plaintiff alleges that his visitor list was improperly denied for several months and that he was improperly denied visitation with his minor daughter. Lastly, Plaintiff alleges that his law library visitation is too limited and that the only support provided by the law library is inadequate.

Plaintiff's amended complaint still includes misjoined claims and Defendants. Based on the above summary of allegations, it appears that Plaintiff is attempting to raise at least four different claims, a retaliation claim based on impeding his attempts to file grievances, a conditions claim based on his stay in segregation, a due process claim based on his visitation list issues, and a claim regarding the law library. However, these distinct multiple claims cannot be

| STATEMENT |
|---|

joined in the same suit. As set forth in the Court's previous order, in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff's amended complaint challenges multiple aspects of his confinement. Plaintiff's sprawling amended complaint containing distinct claims against unrelated Defendants cannot stand. *Id.* at 606. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Because of the above deficiencies, Plaintiff's complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit a second amended complaint on the forms required by Local Rule 81.1 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the second amended complaint form from the Prisoner Correspondent.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.