# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | James F. Holderman |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3681 | **DATE** | August 17, 2010 |
| **CASE TITLE** | Robert Taylor (R-51280) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's second amended complaint [14] is accepted. The Clerk shall issue summonses for service of the second amended complaint on Defendants Stone, Robinson, and Norton. The previously-named Defendants who are no longer named in Plaintiff's second amended complaint, Marcus Hardy, Tammi Garcia, Ada Johnson, Officer Foster, Sergeant Kerl, and Shaun Bass, are dismissed as Defendants. The Clerk is directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's petition for an emergency order of protection [9] and motion for a preliminary injunction [16] are denied without prejudice. However, the Clerk is directed to mail a copy of this order to the warden at Stateville Correctional Center so he is aware of Plaintiff's allegations. Plaintiff's motion for appointment of counsel [6] is denied without prejudice. Plaintiff's previous motion for leave to proceed *in forma pauperis* [5] is denied as moot.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, Robert Taylor, presently an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 14, 2010, Plaintiff was allowed to proceed *in forma pauperis*; however, his amended complaint was dismissed without prejudice because it contained misjoined claims and defendants. Plaintiff has submitted a second amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that in August 2009, he was transferred to Stateville Correctional Center. Plaintiff was placed in a cell in the segregation unit by Defendant Stone. The cell contained a urine-soaked, blood-stained mattress, was full of trash, and was infested with roaches. Defendant Stone left Plaintiff in the cell and never returned despite Plaintiff informing him of the adverse conditions of the cell. Defendants Robinson and Norton were also aware of the adverse living of Plaintiff's cell but they failed to move Plaintiff or provide him with a new mattress or supplies to kill the roaches. Plaintiff was forced to live in the cell for at least three months. The Defendants must respond to the second amended complaint.

Plaintiff's second amended complaint is accepted. The Clerk shall issue summonses for service of the second amended complaint on Defendants Stone, Robinson, and Norton.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former Stateville Correctional Center employee who can no longer be found at the work address provided by Plaintiff, Stateville Correctional Center shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff also moves for the appointment of counsel. Civil litigants do not have a constitutional or statutory right

| STATEMENT |
|---|

to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff states that he has made an attempt to retain private counsel, he does not allege a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

Lastly, Plaintiff has moved for an order of protection and/or preliminary injunction. Plaintiff alleges that he has been harassed by correctional officers for filing suit and that he has been denied adequate law library time. Plaintiff seeks a court-ordered transfer to another facility. Plaintiff's motions are denied without prejudice to him raising the issues after the Defendants have been served and counsel has filed an appearance on their behalf. The Court is reluctant to interfere with the day-to-day operation of the jail and there is no constitutional right to placement at a specific institution. *See Russ v. Young*, 895 F.2d 1149, 1152 (7th Cir. 1990). However, the Clerk is directed to mail a copy of this order to the warden at Stateville Correctional Center so he is aware of Plaintiff's allegations.